

# THE ATTORNEY GENERAL

# OF TEXAS

**JOHN L. HILL**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

August 8, 1973

The Honorable L. Ludwell Jones
Chairman, Texas State Board of
Public Accountancy
Perry Brooks Building
Austin, Texas 78701

Dear Mr. Jones:

Opinion No. H- 81

Re: Requirement that a
person to be certified
as a certified public
accountant be a citizen
of the United States

In your letter of July 12, you state that the Texas State Board of Public Accountancy has received a reciprocal application which it would like to approve provided the United States citizenship requirement of Article 41a, § 12, Vernon's Texas Civil Statutes, the Public Accountancy Act of 1945 (hereafter "the Act") does not apply to reciprocal applicants and provided further that the foreign accounting body granting the original certificate agrees to reciprocate in a like manner.

The granting of a certificate by reciprocity is governed by § 13 of the Act, which provides in part:

> "(a) The Board may in its discretion waive the examination of, and may issue a certificate of 'Certified Public Accountant' to any person possessing the other qualifications mentioned in Section 12 of this Act . . . "

Section 12 of the Act, delineating those entitled to be certificated, states that the certificate of a Certified Public Accountant shall be granted by the Board to any person:

> "(a) Who is a citizen of the United States or who, if not a citizen, has lived in the State of Texas for the ninety days immediately preceding the date of submitting to the Board the initial application to take the written examination conducted by the Board

p. 367

> for the purpose of granting a certificate of 'Certified
> Public Accountant', or has maintained his permanent
> legal residence in Texas for the six months immed-
> iately preceding said date of submission; and
>
> "(b) Who is a resident of the State of Texas, or
> has a place of business therein, or as an employee,
> is regularly employed therein, and provided that any
> person who shall have qualified to take the examination
> for the certificate in this state, and who, while so
> qualified shall have received credit for all or any part
> thereof, shall remain qualified under this Subsection
> until he receives his certificate; . . . "

Prior to amendment of the statute in 1971 (Acts 1971, 62nd Leg., p. 935, ch. 146) § 12 of the Act merely provided:

> "Who is a citizen of the United States or has duly
> declared his intention of becoming such citizen; . . . "

This office on several occasions has held licensing statutes which require, as a condition precedent that applicants for license be citizens of the United States, are unconstitutional, in violation of the Fourteenth Amendment to the Constitution of the United States. For instance, Opinion O-866 (1939) held unconstitutional and void the requirement of Article 4501, V. T. C. S., that an applicant for license to practice medicine must be a citizen of the United States or have filed his declaration of intention to become a citizen. See also Attorney General Opinion R-2247 (1950).

In 1969 the same rule was applied in Attorney General Opinion M-447 (1969) to Article 4528c attempting to limit licensure of vocational nurses to citizens of the United States.

These opinions may have prompted the amendment in 1971 to § 12. We doubt, however, that they achieved that result. It is our opinion that § 12 as amended still limits certification to citizens of the United States or to non-citizens who have lived in the State of Texas for ninety days or who have maintained permanent legal residence for six months. No such conditions are imposed upon those who

are citizens. Citizens of the United States may be certificated wherever they have lived for the ninety day period or regardless of whether they have maintained a legal residence in Texas for six months. In our opinion this constitutes an invidious discrimination which cannot be justified as a reasonable classification when applied to an alien who has lawfully been admitted to this country. Graham v. Richardson, 403 U.S. 365, 29 L. Ed.2d 534, 91 S. Ct. 1848 (1971). However, a non-resident alien, i.e., one who is not resident in the United States, is not protected by the Fourteenth Amendment to the Constitution of the United States and therefore, we think, the provisions and requirements of the statute, as applied to such a person would be valid.

Therefore, it is our opinion that as to reciprocity, an alien resident of the United States, who holds a certificate as Certified Public Accountant issued under the laws of any state or territory or its equivalent having been issued in any foreign country shall be entitled to reciprocal certification as a Certified Public Accountant if he meets the other requirements of §§ 12 and 13 as to age, character, education, etc.

### SUMMARY

Aliens who lawfully reside in the United States may not be denied the right to be reciprocally licensed under State law solely because they are not citizens and may not be subjected to Texas residency requirements which are not imposed upon United States citizens. Non-resident aliens may be constitutionally subjected to such residency requirements.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee                p. 369